UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEILA GARCIA, et al.,<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 15cv189-JLS (NLS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART JOINT MOTION FOR DISCOVERY DISPUTE No. 1 AND DENYING JOINT MOTION FOR DISCOVERY DISPUTE No. 2**<br><br>**[ECF Nos. 66 & 67]** |

This case arises from the actions of employees of Defendant County of San Diego ("County"), the San Diego Health and Human Services Agency, and the County's Polinsky Children's Center ("Polinsky") during and following the removal of Minor Plaintiffs Cassandra Garcia, C.N.G., and C.J.G. from their home and parents. In the parties' joint motion for determination of Discovery Dispute No. 1, Plaintiffs seek to compel County to produce Persons Most Knowledgeable ("PMKs") for deposition on two topics listed in Plaintiff's April 21, 2017 PMK deposition notice. ECF No. 66-1 at 3. By way of the joint motion for determination of Discovery Dispute No. 2, Plaintiffs seek to compel County to produce a PMK for deposition pursuant to a PMK deposition notice served after the close of fact discovery. ECF No. 67-1 at 5-6. For the reasons explained

below, the joint motion for determination of Discovery Dispute No.1 [ECF No. 66] is **GRANTED IN PART** and **DENIED IN PART** and the joint motion for determination of Discovery Dispute No. 2 [ECF No. 67] is **DENIED.**

**Relevant Background**

This case arose out of a child welfare investigation of the Garcia family performed by County social workers during January of 2013. As a result of the investigation, Plaintiffs C.N.G., and C.J.G. were removed from their home and admitted to Polinsky. ECF No. 1 ¶ 24. The next day, Plaintiff Cassandra Garcia, who had been receiving inpatient psychiatric treatment at a local hospital, was discharged from the psychiatric facility by County social workers and transported to Polinsky. Id. ¶ 26. All three children are alleged to have been subjected to physical examination and testing at Polinsky without the knowledge or consent of their parents. Id. ¶¶ 25, 27, 28. The children remained at Polinsky for seventeen days and were not fully reunited with their mother until about July of 2013. Id. ¶ 32.

Plaintiffs allege in the instant lawsuit that the Garcia children should not have been removed from their parents, that the individual defendant social workers misrepresented material facts to the Juvenile Court so they could continue to detain the children, and that Polinsky failed to provide adequate physical and mental care or sufficient security to the Garcia children. ECF No. 66-1 at 2. Plaintiffs also assert that the physical examinations of the children at Polinsky violated the law. Id. at 2-3. The complaint alleges various constitutional claims against the individual defendants as well as a claim against the County under Monell v. Dep't of Soc. Servs. of the City of New York, 436 U.S. 658 (1978), challenging the lawfulness of the County's policies, procedures, practices, and customs.

**Legal Standard**

Rule 30(b)(6) of the Federal Rules of Civil Procedure provides that, by way of a notice or subpoena:

a party may name as the deponent a public or private corporation, a

> partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

Fed. R. Civ. P. 30(b)(6). As with all forms of discovery, Rule 30(b)(6) notices and subpoenas are subject to the relevancy limitations of Rule 26. Under Federal Rule of Civil Procedure 26(b)(1), a party:

> may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Information need not be admissible to be discoverable. *Id.* District courts have broad discretion to determine relevancy for discovery purposes. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002); see also Haghayeghi v. Guess?, Inc., 168 F. Supp. 3d 1277, 1280 (S.D. Cal. 2016) (noting that relevancy is broadly construed). "District courts also have broad discretion to limit discovery to prevent its abuse." Eclipse Grp. LLP v. Target Corp., No. 15cv1411-JLS (BLM), 2017 WL 2231316, at *2 (S.D. Cal. May 19, 2017) (citing Fed. R. Civ. P. 26(b)(2), which instructs courts to limit discovery where the party seeking the discovery "has had ample opportunity to obtain the information by discovery in the action" or where the proposed discovery is "unreasonably cumulative or duplicative," "obtain[able] from some other source that is more convenient, less burdensome, or less expensive," or where it "is outside the scope permitted by Rule 26(b)(1)").

"The 2015 amendments to Rule 26(b)(1) emphasize the need to impose 'reasonable limits on discovery through increased reliance on the common-sense concept of proportionality.'" *Roberts v. Clark County Sch. Dist*., 312 F.R.D. 594, 603 (D. Nev. 2016). The fundamental principle of amended Rule 26(b)(1) is "that lawyers must size and shape their discovery requests to the requisites of a case." *Id*. Discovery and Rule 26 is intended to provide parties with "efficient access to what is needed to prove a claim or defense, but eliminate unnecessary or wasteful discovery." *Id.* This requires active involvement of federal judges to make decisions regarding the scope of discovery. *Id.*

**Discussion**

**1. Discovery Dispute No. 1**

In their first motion, Plaintiffs seek to compel County to produce PMK witnesses to testify as to Area of Designation Nos. 36 and 37 from their April 21, 2017 PMK deposition notice. ECF No. 66-1 at 2, 5, 8.

**a. Area of Designation No. 36**

Area of Designation No. 36 requests testimony on the following topics:

> Any and all policies, procedures, practices and customs of the County of San Diego, including its Health and Human Services Agency, regarding counseling (informal and/or formal), reprimands, and/or discipline of any manner that may be given to, and/or be received by any County employees and/or agents, including law enforcement, social workers, supervisors, managers, doctors, nurses and/or agents (such as to any of the individually named Defendants) concerning their conduct, actions, and/or inaction during a child abuse and neglect investigation, such as the subject incident which involved the Garcia family, in January 2013 to March 25, 2014, and thereafter to present.

Id. at 5. Plaintiffs argue this information is necessary for Plaintiffs to determine what options were available to the County for disciplining its social workers. Id. at 6. Plaintiffs submit that during Defendant Jesus Salcido's deposition he admitted that he did not document many of his contacts with the Garcia family, contrary to the County's policy requiring all contacts to be documented. Id. Despite this breach, his supervisors

4

testified that Mr. Salcido was not counseled, reprimanded, or disciplined. Id. at 6-7. In light of this evidence, Plaintiffs contend they are entitled discover what, if any, disciplinary options the County has available for breaches of its policies and practices or if the County, in fact, has no mechanisms in place to ensure that its social workers follow the County's policies and practices. Id. at 7. Plaintiffs assert this information is relevant both to their claims against the Defendant social workers as well as to their *Monell* claims. Id. In particular, Plaintiffs pled that the County had a "policy of acting with deliberate indifference in failing to correct the wrongful conduct of other employees failing to provide the Constitutional protections guaranteed to individuals, including those under the First, Fourth, and Fourteenth Amendments, when performing actions related to child abuse and neglect, and dependency type proceedings." ECF ¶ 73n.

The County argues this request seeks irrelevant information and is unduly burdensome. Specifically, the County argues that Plaintiffs did not plead a "failure to discipline" theory of liability, so the request is not reasonably calculated to lead to the discovery of relevant evidence. ECF No. 66-1 at 7. To the extent Plaintiffs seek to show that Defendant Salcido should have been disciplined for violating County policy, the County contends Plaintiffs seek inadmissible evidence of subsequent remedial measures. Id. Coupled with the extensive discovery already sought by Plaintiffs, and the looming August 31, 2017 deadline for completion of PMK depositions, the County argues that requiring it to compile and produce additional documents and a PMK witness is unduly burdensome. Id. at 7-8.

Having reviewed the allegations in the complaint and Plaintiffs' request, the Court finds that Designation No. 36 is relevant to Plaintiffs' *Monell* claim (ECF ¶ 73n) and proportional to the needs of the case. See Fed. R. Civ. P. 26(b)(1). Plaintiffs' argument essentially is that the County either did not have disciplinary policies in place, or had a custom of not enforcing them, so its social workers knew they would not get in trouble if they did not comply with County rules and policies when dealing with cases of alleged child abuse or neglect and dependency proceedings. That peace of mind that no

consequences would befall them is what Plaintiffs allege led the social workers in this case to inflict the alleged constitutional violations on the Garcia family.  Thus, deposition testimony explaining what, if any, disciplinary policies the County had in place and whether they were routinely enforced, would be relevant to this claim.

To the extent Plaintiffs also seek more specific information as to what discipline should have been imposed upon Defendant Salcido or others, the fact that the answers may be evidence of subsequent remedial measures and ultimately not admissible at trial does not make them irrelevant for discovery purposes.  See Fed. R. Civ. P. 26(b)(1) ("[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable").  That being said, evidence of what punishment should have been imposed on the individual defendants after the fact has little bearing on their motivation to inflict the alleged constitutional violations on the Garcia family.  The Court, therefore, denies Plaintiffs' request to the extent it seeks specific information as to what discipline should have been imposed upon the individual defendants.

As for the County's undue burden argument, the Court is unpersuaded by the County's general argument that this case already has required too much discovery. However, the Court finds that the request is overly broad in that it requests policy information up to and including the present date.  If Plaintiffs' motivation is to show that the lack of disciplinary policies, or enforcement of the same, motivated Defendants, then policies that were put place after the events giving rise to the complaint are irrelevant. The Court finds it appropriate to limit both the PMK deposition testimony and accompanying document request to cover only those "policies, procedures, practices and customs of County, including its Health and Human Services Agency, regarding counseling (informal and/or formal), reprimands, and/or discipline of any manner that may be given to, and/or be received by any County employees and/or agents, including law enforcement, social workers, supervisors, managers, doctors, nurses and/or agents (such as to any of the individually named Defendants), concerning their conduct, actions, and/or inaction during a child abuse and neglect investigation, such as the subject

6

incident which involved the Garcia family, **in effect between January 2013 and March 25, 2014**."

For the foregoing reasons, the joint motion as to Area of Designation No. 36 is **GRANTED IN PART** and **DENIED IN PART.**

### b. Area of Designation No. 37

Area of Designation No. 37 requests testimony on the following topics:

> Any and all counseling (informal and/or formal), reprimands, and/or discipline of any manner given to, and/or be received by any County of San Diego employees, law enforcement, social workers, supervisors, managers, and/or agents (including any doctors and nurses), and including any of the individually named Defendants, in regards to the subject incident and the Garcia Family, which this litigation concerns.

ECF No. 66-1 at 8. In response to this topic, the County has offered, and remains willing to provide, "a declaration from the County stating that no employee received discipline in relation to this case." Id. at 10. This is in addition to the previous deposition testimony of several, if not all, of the individual defendants, wherein they confirmed that they received no employer discipline as a result of their involvement in this case. Id. Plaintiffs respond that they are it is entitled to a definitive statement, binding on the County from its designated PMK, that no County employee or agent was counseled, reprimanded, or disciplined for his or her actions with respect to the Garcia family. Id. at 9.

Plaintiffs do not explain, and the Court is at a loss to understand, why the proffered declaration, coupled with the existing deposition testimony, is not sufficient to satisfy Plaintiffs' request. As discussed above, the Court finds evidence as to what discipline should have been imposed upon the individual defendants to be irrelevant to Plaintiffs' claims. To the extent Area of Designation No. 37 also might elicit marginally relevant testimony about other individuals involved in these incidents, the Court finds that the County's proffered declaration would provide a satisfactory alternative to the burden and expense of another PMK deposition after the close of fact discovery. See Roberts, 312

F.R.D. at 603 (noting that district courts are encourage to limit wasteful and unnecessary discovery and apply common sense to discovery management). The Court, therefore, **DENIES** Plaintiffs' motion for a PMK deposition on Area of Designation No. 37, but orders Defendants to provide a declaration, on behalf of the County and responsive to this topic, on or before **September 15, 2017**.

### 2. Discovery Dispute No. 2

Discovery Dispute No. 2 relates to a PMK deposition notice sent after the close of fact discovery. By joint motion dated July 13, 2017, the parties sought permission to continue the PMK depositions of seven previously-disclosed designees until after the July 26, 2017 fact discovery deadline due to Plaintiffs' counsel's illness. ECF No. 60. This Court granted the joint motion, authorizing the parties to "schedule Persons Most Knowledgeable depositions in this matter up to and including August 31, 2017." ECF No. 61.

On July 28, 2017 – two days after the close of fact discovery – Plaintiffs' counsel served Defendants' counsel with a Notice of Deposition of Person(s) Most Knowledgeable for Defendant County of San Diego Regarding Funding, Juvenile Justice Commission. ECF No. 67-1 at 3. Therein, Plaintiffs designated thirteen separate areas of testimony and requested documents related to each category. Id. Defendants' counsel objected that the notice was untimely. Id. at 3-4. Plaintiffs argue the notice is timely under this Court's prior order. Id. at 4.

The Court finds that Plaintiffs' PMK notice regarding the Juvenile Justice Commission is untimely. The Court's July 13, 2017 order only extended the deadline for *scheduling* the seven already-noticed PMK depositions raised in the motion and noted in the chart prepared by Plaintiffs' counsel (ECF No. 56-3). It did not wholesale reopen PMK discovery such that Plaintiffs could issue entirely new notices. If the Court's order was ambiguous on that point, it was only because Plaintiffs did not request permission to notice additional PMK depositions after the close of fact discovery and the Court never

considered the possibility that Plaintiffs would attempt to do so. For these reasons, Plaintiffs' request is **DENIED.**

**Conclusion**

For the foregoing reasons, the joint motion for determination of Discovery Dispute No.1 [ECF No. 66] is **GRANTED IN PART** and **DENIED IN PART**. The parties shall have until **September 22, 2017** to complete the deposition of PMK(s) offering testimony responsive to Area of Designation No. 36, as limited by this order, **only**. All other PMK depositions remain subject to the August 31, 2017 deadline. Defendants shall provide a declaration from the County responsive to Area of Designation No. 37 on or before **September 15, 2017**.

The parties' joint motion for determination of Discovery Dispute No. 2 [ECF No. 67] is **DENIED**.

**IT IS SO ORDERED.**

Dated: August 31, 2017

Hon. Nita L. Stormes
United States Magistrate Judge