UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEILA GARCIA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF SAN DIEGO, et al., <br><br> Defendants. | Case No.: 15cv189-JLS (NLS) <br><br> **ORDER DENYING JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE No. 3** <br><br> **[ECF No. 72]** |

This case arises from the actions of employees of Defendant County of San Diego ("County"), the San Diego Health and Human Services Agency, and the County's Polinsky Children's Center ("Polinsky") during and following the removal of minor Plaintiffs Cassandra Garcia, C.N.G., and C.J.G. from their home and parents. In the parties' joint motion for determination of Discovery Dispute No. 3, Plaintiffs request an additional two hours to depose Defendant Jesus Salcido. ECF No. 72-1 at 2. For the reasons explained below, Plaintiffs' Motion for Determination of Discovery Dispute No. 3 [ECF No. 72] is **DENIED without prejudice.**

///

///

1

**Discussion**

Mr. Salcido is a County social worker who was assigned to the Garcia family from February 7, 2013, until early May 2013. ECF No. 72-1 at 2. Plaintiffs already have deposed him for 4 hours and 51 minutes. Id. at 3. On September 8, 2017, they are scheduled to depose him for the remaining 2 hours and 9 minutes afforded them by Rule 30(d)(1) of the Federal Rules of Civil Procedure. Id. Plaintiffs now seek leave to depose him for an additional 2 hours on September 8, 2017. Id. at 4.

Rule 30 limits the time for deposition to 1 day of 7 hours, unless otherwise stipulated or altered by court order. Fed. R. Civ. P. 30(d)(1). "The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Id. If a party seeks a court order to extend the deposition time, the party "is expected to show good cause to justify such an order." Fed. R. Civ. P. 30 advisory committee's note (2000 Amendment); Medlock v. Taco Bell Corp., No. 1:07-CV-01314-SAB, 2014 WL 2154437, at *4 (E.D. Cal. May 22, 2014) ("[t]he party seeking an extension of time beyond seven hours bears the burden of demonstrating good cause to justify such an extension").

Rule 26(b)(2) instructs courts to limit discovery where the party seeking the discovery "has had ample opportunity to obtain the information by discovery in the action" or where the proposed discovery is "unreasonably cumulative or duplicative," "obtain[able] from some other source that is more convenient, less burdensome, or less expensive," or where it "is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2); see also Eclipse Grp. LLP v. Target Corp., No. 15cv1411-JLS (BLM), 2017 WL 2231316, at *2 (S.D. Cal. May 19, 2017) (noting that "[d]istrict courts also have broad discretion to limit discovery to prevent its abuse"). The scope of discovery is limited by Rule 26(b)(1) to matters that are "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). District courts have broad discretion to determine relevancy for discovery purposes. See Hallett v. Morgan,

296 F.3d 732, 751 (9th Cir. 2002).

Plaintiffs argue that additional time is warranted because, between Mr. Sacido's last deposition on May 11, 2017, and late August, Defendants produced "thousands of pages of documents relating to the County's policies, practices, and training" as well as "over 400 pages of records related to psychological treatment Cassandra Garcia received while she was housed at Polinsky." ECF No. 72-1 at 3. They contend that, as the social worker assigned to the Garcia family, Mr. Salcido was responsible for the children's care and safety and bound to follow the County's policies and protocols. Id. at 5. As such, his knowledge about the events that occurred, his training on and knowledge of the County's policies and practices, and his actual responses are critical to Plaintiff's claims." Id.

Defendants respond that Plaintiffs have not shown good cause because the new documents reflect County policies and therapy notes and Mr. Salcido is neither the designated Person Most Knowledgeable ("PMK") concerning policies or practices, nor is he a therapist. Id. at 7. They highlight that Plaintiffs have not asked Mr. Salcido to review any of these numerous documents in advance of his deposition, which would save time. Id. Finally, Defendants argue that the dispute is not ripe because Plaintiffs have yet to take the full seven hours with Mr. Salcido to determine how much additional time, if any, they actually require. Id. at 8.

The Court is not persuaded that Plaintiffs have shown good cause to extend the deposition time for Mr. Salcido by another two hours. Mr. Salcido is a fact witness, who has not been designated as having any basis for knowledge about Cassandra Garcia's psychological treatment. As Plaintiffs highlighted in their last motion, Mr. Salcido already has testified that he did not document many of his contacts with the Garcia family. ECF No. 66-1 at 6. If they have not done so already, it will not take Plaintiffs long to ask Mr. Salcido if he was aware of, or trained on, the policies related to his conduct. Moreover, the events occurred over a short period of time – three months – and Plaintiffs have not explained why more than seven hours is required to cover Mr. Salcido's recollections from that time. Thus, the Court does not, at this time, have

3

sufficient reason to believe Plaintiffs cannot fairly examine Mr. Sancido in the time remaining.  See Fed. R. Civ. P. 30(d)(1); Somerset Studios, LLC v. Sch. Specialty, Inc., No. C 10-5527 MEJ, 2011 WL 4344596, at *5 (N.D. Cal. Sept. 14, 2011) quoting Malec v. Trustees of Boston College, 208 F.R.D. 23, 24 (D. Mass. 2002) (noting that "the better practice is for the deposition to go forward to determine how much is able to be covered in the seven hours and, then, if additional time is needed, for counsel to stipulate to extend the deposition for a specific additional time period" or, if necessary, seek court intervention).

Finally, beyond inquiring into his direct knowledge, Plaintiffs have not made clear what relevant information they could obtain from Mr. Salcido related to the County's documents.  Rule 26 is intended to provide parties with "efficient access to what is needed to prove a claim or defense, but eliminate unnecessary or wasteful discovery." Roberts v. Clark County Sch. Dist., 312 F.R.D. 594, 603 (D. Nev. 2016).  The Court is directed to limit discovery where it is duplicative or obtainable from more convenient, less burdensome source.  Fed. R. Civ. P. 26(b)(2).  Here, the County already has designated PMKs in response to most of Plaintiffs' requests for information about the County's policies, practices, and procedures related to the duties, training, and obligations of its social workers.  ECF No. 66-6.  Additionally, the Court already has granted Plaintiffs leave to depose the County's PMK about the documents the County produced relating to its disciplinary policies, practices, and procedures.  ECF No. 71. The Court finds that the information Plaintiffs seek from Mr. Salcido is unreasonably duplicative of information it has, or will, obtain from PMK depositions.

**Conclusion**

The joint motion [ECF No. 72], therefore, is **DENIED without prejudice**.

**IT IS SO ORDERED.**

Dated:  September 7, 2017

_____
Hon. Nita L. Stormes
United States Magistrate Judge

4