
UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEILA GARCIA; CASSANDRA GARCIA, C.N.G, a minor, C.J.G., a minor by and through their Guardian Ad Litem, DONALD WALKER,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO; CAITLIN MCCANN; GLORIA ESCAMILLA-HUIDOR,<br><br>Defendants. | Case No.: 15cv189-JLS (NLS)<br><br>**ORDER GRANTING MOTION TO CONFIRM MINOR'S COMPROMISE**<br><br>**[ECF No. 208]** |

Before the Court is the parties' Joint Motion to Confirm Minor's Compromise. ECF No. 208. On June 27, 2022, the Court approved the parties' request to consent to Magistrate Judge jurisdiction for the purpose of ruling on this Motion. ECF No. 211. After due consideration, the Court **GRANTS** the Motion to Confirm Minor's Compromise.

### I.    BACKGROUND

This action centers around the removal of Plaintiffs Cassandra Garcia, Carissa Garcia, and Minor C.J.G. from the custody of their mother, Plaintiff Sheila Garcia.

Defendants Caitlin McCann and Gloria Escamilla-Huidor. ECF No. 208 at 2. The children were placed in the Polinsky Children's Center. *Id.* While there, the children were subject to physical examinations without a court order or consent from their mother. *Id.* In addition, while at Polinsky, Cassandra significantly decompensated and AWOLed from the facility several times, including one time when she was raped. *Id.* The only remaining minor plaintiff, C.J.G., was 3 years old at the time of the removal. *Id.* She suffered emotional and mental distress from the removal and subsequent placement, though did not need or receive mental health treatment. *Id.*

On March 2, 2022, the parties attended a mediation, after which the County made a settlement offer to resolve the lawsuit for $1.5 million dollars. *Id.* at 3. The offer was approved by the County's of Board of Supervisors. *Id.* Subsequently, Plaintiffs filed this motion to confirm the minor's compromise. *Id.* Defendants do not oppose this motion. *Id.*

## II. LEGAL STANDARD

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). Rule 17(c) provides that a district court "must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor . . . who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Robidoux*, 638 F.2d at 1181 (*quoting Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)); *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) ("Thus, a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian *ad litem*").

In this district, pursuant to Civil Local Rule 17.1, "[no] action by or on behalf of a minor . . . will be settled, compromised, voluntarily discontinued, dismissed or terminated without court order or judgment. All settlements and compromises must be reviewed by a magistrate judge before any order of approval will issue." Civ. L. R. 17.1(a). In addition, any "[m]oney or property recovered by a minor or incompetent California resident by settlement or judgment must be paid and disbursed in accordance with California Probate Code Section 3600, *et seq.*" *Id.* (b)(1).

District courts should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181-82. "[T]he district court should evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for the adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id.* at 1182. "So long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the settlement as proposed by the parties." *Id.*

### III. DISCUSSION

The parties have settled the case for a total of $1,500,000, apportioned between the defendants as follows:

| Party | Amount |
|---|---|
| C.J.G | $80,000.00 |
| Sheila Garcia | $143,219.70 |
| Cassandra Garcia | $143,219.70 |
| Carissa Garcia | $143,219.70 |
| Attorney fees and costs | $990,340.91 |
| **Total** | $1,500,000 |

ECF No. 208 at 11.  As required, the Court will evaluate the fairness of the amount to C.J.G and whether the attorney's fees portion of the settlement is appropriate.

### A. Proposed Settlement Amount

The parties propose that the settlement amount of $80,000 be specially apportioned to C.J.G., to be made payable to MetLife Assignment Company as a Structured Settlement Annuity.  ECF Nos. 208 at 6; 208-1.  Plaintiffs contend that this amount is appropriate in light of the scope of C.J.G.'s harm.  While she did suffer some emotional and mental harm, she was not treated for it.  ECF No. 208 at 6.  She did suffer physical injuries from the unauthorized medical exams.  Plaintiffs argue this amount is reasonable given the extent of her injuries, as compared to comparable cases.  ECF No. 208 at 5-6 (citing *Mann v. County of San Diego*, No. 11cv00708, where each child received $50,000 for harm from similar unauthorized physical examinations, and *Rodoni v. County of Santa Clara*, No. 11cv04324, where each child received $15,000 for harm from similar unauthorized physical examinations).

Further, Plaintiffs argue this amount is a reasonable portion of the total settlement amount in light of the harm sustained by the other Plaintiffs.  ECF No. 208 at 4.  Cassandra, who was 16 at the time of the removal, suffered severe mental harm that resulted in four psychiatric hospitalizations while she was at the Polinsky Center and was raped during one of her AWOL events.  *Id.* at 4-5.  Carissa, who was 10 at the time of the removal, also suffered significant trauma and suffered from depression for years after the placement.  *Id.* at 5.  Sheila, the mother, was accused of a heinous act and was deprived of parental authority over her children, and suffered emotional and mental distress.  *Id.* at 4.

The Court finds that the total amount of the settlement amount to be fair and equitable under the circumstances.  In addition, the Court finds that the manner of distribution to be satisfactory in light of Plaintiff's age.  Accordingly, the Court approves of C.J.G. receiving $80,000 as her portion of the settlement.

### B. Attorney's Fees

Next, the Court turns to the issue of attorney's fees. As to the minors, district courts in California apply California law to evaluate calculations of attorney's fees for minor plaintiffs. *See A.G.A. v. Cty. of Riverside*, No. EDCV 19-00077-VAP (SPx), 2019 WL 2871160, at *3 (C.D. Cal. Apr. 26, 2019). In the Southern District of California, Local Rule 17.1 states, "[n]o action by or on behalf of a minor . . . will be settled . . . without court order or judgement. All settlements and compromises must be reviewed by a magistrate judge before any order of approval will issue." CivLR 17.1. The rule also states that "money or property recovered by a minor . . . by settlement or judgment must be paid and distributed in accordance with California Probate Code Section 3600, et seq." *Id.* California Probate Code Section 3601 requires courts to approve "reasonable expenses . . . including . . . attorney's fees." Further, California Rules of Court 7.955 states that "[i]n all cases under . . . Probate Code sections 3600-3601, unless the court has approved the fee agreement in advance, the court must use a reasonable fee standard when approving and allowing the amount of attorney's fees payable from money or property paid or to be paid for the benefit of a minor or a person with a disability." Cal. Rules of Court 7.955(a)(1); *see id.* 7.955(b) (listing factors to consider in determining reasonable fees).

Per Plaintiffs' fee agreement with counsel, counsel is entitled to 50% of any recovery from the case. ECF No. 208 at 10. Plaintiffs' counsel contend that this amount is reasonable in light of several factors. First, counsel are experienced attorneys in this area of litigation and all have extensive experience in civil rights cases involving removal and detention of minor children. *Id.* at 7. Second, due to the nature of these cases, counsel routinely mount an aggressive challenge that involves extensive discovery and substantive motions, and that include appeals and remands from appeal. *Id.* at 8. That was the case here. Plaintiffs' counsel state they have devoted over 3200 hours for this case, which included substantial discovery, expert discovery, summary judgment motions, an appeal of the summary judgment motion, and subsequent petition for

1  Rehearing and Rehearing En Banc and a petition for Writ of Certiorari. *Id.* at 8-10. In
2  addition, counsel advanced costs for the case, which total $240,340.91. *Id.* at 10.
3       After review, though the fee percentage is high, the Court agrees that the 50% fee
4  is reasonable given the extensive history of this case and the settlement result achieved
5  for Plaintiffs. Accordingly, 50% of Plaintiffs' recovery will be paid as attorney's fees,
6  which equates to $750,000.00. Thus, the total amount to Plaintiffs' counsel, including
7  costs, is $990,340.91.

## IV.  CONCLUSION

For the foregoing reasons as discussed above, the Court **APPROVES** the settlement agreement.

Consistent with the agreement, the total settlement amount of $1,500,000 will be distributed as follows:

| Party | Amount |
| --- | --- |
| C.J.G | $80,000.00 |
| Sheila Garcia | $143,219.70 |
| Cassandra Garcia | $143,219.70 |
| Carissa Garcia | $143,219.70 |
| Attorney fees and costs | $990,340.91 |
| **Total** | $1,500,000 |

//

//

//

The parties shall implement the settlement in accordance with the terms of the Agreement. In addition, the parties shall file a Joint Motion to Dismiss this action within 14 days after the date of this Order.[1]

**IT IS SO ORDERED.**

Dated: July 27, 2022

Hon. Nita L. Stormes
United States Magistrate Judge

---

[1] If the parties require more time to effectuate the settlement, they may request that the Court extend this deadline.